"ORIGINAL"

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
April 18, 2022
JULIA C. DUDLEY, CLERK
BY: s/ A. Beeson
DEPUTY CLERK

For Clerk's Office Use

| Judge | Rec'd |
|---|---|
| U | |

IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTICT
OF VIRGINIA

For use by inmates filing a complaint under **CIVIL RIGHTS ACT, 42 U.S.C. §1983**

TYREEK J. BRAXTON                    #1486007
Plaintiff full name                   Inmate No.

v.                      CIVIL ACTION NO. 7:22cv00212

JOHN DOE, K-9 Correctional Officer - "individual Capacity."
Defendant(s) full name(s)

Red Onion State Prison, P.O. Box 970, Pound, Va 24279

************************************************************

A. Current facility and address: Red Onion State Prison, P.O. Box 970, Pound, Va 24279

B. Where did this action take place? Red Onion State Prison - A;#1 Pod.

C. Have you begun an action in state or federal court dealing with the same facts involved in this complaint?

_____ Yes    ✓ No

If your answer to A is Yes, answer the following:

1. Court: N/A
2. Case Number: N/A

D. Have you filed any grievances regarding the facts of this complaint?

✓ Yes    _____ No

1. If your answer is Yes, indicate the result:

ROSP-21-REG-00149, UNFOUNDED - MAY 7, 2021

N/A

2. If your answer is No, indicate why:

E. Statement of Claim(s): State briefly the facts in this complaint. Describe what action(s) each defendant took in violation of your federal rights and include the relevant dates and places. **Do not give any legal arguments or cite any cases or statutes.** If necessary, you may attach additional page(s). Please write legibly.

Claim #1 – Supporting Facts – Briefly tell your story without citing cases or law:

See: Attached Pages #3-10

Claim #2 – Supporting Facts – Briefly tell your story without citing cases or law:

N/A

F. State what relief you seek from the Court. Make no legal arguments and cite no cases or statutes.

G. If this case goes to trial do you request a trial by jury?   Yes ✓   No ____

H. If I am released or transferred, I understand it is my responsibility to immediately notify the court in writing of any change of address after I have been released or transferred or my case may be dismissed.

DATED: 1-4-22       SIGNATURE: X T. Braxton

VERIFICATION:
I, Tyreek J. Braxton, #1486007, state that I am the plaintiff in this action and I know the content of the above complaint; that it is true of my own knowledge, except as to those matters that are stated to be based on information and belief, and as to those matters, I believe them to be true. I further state that I believe the factual assertions are sufficient to support a claim of violation of constitutional rights. Further, I verify that I am aware of the provisions set forth in 28 U.S.C. §1915 that prohibit an inmate from filing a civil action or appeal, if the prisoner has, on three or more occasions, while incarcerated brought an action or appeal in federal court that is dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is imminent danger of serious physical injury. I understand that if this complaint is dismissed on any of the above grounds, I may be prohibited from filing any future actions without the pre-payment of the filing fees. I declare under penalty of perjury the foregoing to be true and correct.

DATED: 1-4-22       SIGNATURE: X  T. Braxton

## CLAIM ONE

Plaintiff alleges, after he complied with A-1 Pod Control Booth Officer's orders to stop fighting and get on the ground. Defendant maliciously used excessive physical force against Plaintiff to cause harm in violation of Plaintiff's 8th Amendment- "Cruel and Unusual Punishment Clause".

## INTRODUCTION

This is a Civil rights action filed by <u>Tyreek J. Braxton</u>, a State Prisoner, for damages relief under 42 U.S.C. Section 1983, alleging excessive use of physical force in violation of the Eighth Amendment to the United States Constitution.

## JURISDICTION

This Honorable Court has jurisdiction over the Plaintiff's Claim of violation of Federal Constitutional right under 42 U.S.C. Sections 1331(i) and 1343.

## PARTIES

The Plaintiff, <u>Tyreek J. Braxton</u>, #1486007, is a State Prisoner proceeding by Pro-se in this matter. He was incarcerated at Red Onion State Prison during the events described in this complaint.

Defendant John Doe, is a Correctional Officer employed at Red Onion State Prison, whose name is presently unknown to Plaintiff. He is sued in his "<u>Individual Capacity</u>."

FACTS

1.) On March 26, 2021, during A-1 Pod recreation, a Prisoner attacked Plaintiff. There was no Correction officer on the Pod Floor as required by Prison Policy to Protect Plaintiff from such assault. see: A-1 Pod Security Camera, March 26, 2021, Approximately 3:20 to 3:50 PM.

2.) The Prisoner initated argument with Plaintiff and then assaulted Plaintiff by hitting Plaintiff with his Fist. Plaintiff defended himself from the Prisoner's further assault. No weapons or objects etc., was used or attempt to be used by either the Prisoner or Plaintiff during the Fight. See: Security Camera, Supra.

3.) After A-1 Pod Control Booth Officer Push the audible stop Fighting warning buzzer and Shot the gun to stop the Fight. Plaintiff stop Fighting, but the Prisoner didn't stop Fighting and kept trying to attack Plaintiff. At that time there was no Correction officer on the Pod Floor to Protect Plaintiff from such assault as required by Policy, once the audible stop fighting warning buzzer has been Push. Plaintiff had no other choice, but to start back defending himself or allow the Prisoner to assault him. See: Security Camera, Supra.

4.) Once Plaintiff saw the K-9 officers and dogs come through A-1 Pod door, he stop Fighting and began to lay down on the Floor to show Defendant and other staff that he was not a threat to the other prisoner, to staff or to himself.

while laying on the Floor Plaintiff had his hands visible and open so it could be seen he possed no weafons etc.. Plaintiff did not say anything so he would not be misunderstood to be resisting. See: Security Camera, supra..

5.) At the moment that Plaintiff was laying down on A-1 Pod Floor, Defendant K-9 officer allowed his dog held on a leash to get close enough to bite Plaintiff's left arm six times. Plaintiff made no movement towards staff, the Prisoner, or the dog to provoke Defendant to allow his dog to bite Plaintiff's left arm six times. see: Security Camera, supra..

6.) Also on March 26, 2021, Plaintiff was taken to Norton Community Hospital to have surgery to repair the six dog bite wounds. See: Exhibit A, Pl. Medical Record Page 5 of 9.

## ARGUMENT

Plaintiff argues, after he complied with A-1 Pod Control Booth Officer's orders to stop fighting and get on the ground, Defendant maliciously used excessive physical force against Plaintiff to cause harm in violation of Plaintiff's 8th Amendment-"Cruel and Unusal Punishment clause". Defendant allowed his K-9 dog held on a leash to get close enough so the dog could bite Plaintiff's left arm six times, when Plaintiff was not resisting or being a threat.

Under the governing law, whether the use of force by Prison Staff violates the Eighth Amendment "Cruel and Unusual Punishment clause", depends on whether it was "applied in a good faith effort to maintain or restore discipline or maliciously to cause harm". Hudson v McMillian, 503 U.S. 1 (1992). In deciding whether force was used "maliciously" the extent of injury inflicted is one factor and another factor is whether a threat was reasonably perceived by the responsible official, and any efforts made to temper the severity of a forceful response. Hudson v McMillian, supra, 503 U.S. at Pg. 7. Malice is also generally inferred from the officer's words and actions or circumstances in which they take place. Sims v Artuz, 230 F.3d 14, 22 [2d Cir. 2000] ("holding the 8th Amendment claim requires facts from which it could be inferred that Prison officials subjected [Plaintiff] to excessive force."); U.S. v Walsh, 194 F.3d 37, 50 (2d Cir. 1997) ("Force was 'wanton' since there was absolutely no perceived need for it"); Miller v Leathers, 913 F.2d 1085 (4th Cir. 1990) ("Malicious intent may be inferred from Prison official's failure to follow Prison policy."). Also, "the fact that force was used when unnecessary or in a manner excessive to any need, is in itself evidence that defendants' were acting 'maliciously' to cause harm." Miller v Leathers, supra.; Oliver v Collins, 914 F.2d 56, 59 (5th Cir. 1990); Orwat v Maloney, 360 F.Supp. 2d 146, 153-54 (D. Mass. 2005).

## ANALYSIS

On April 15, 2021, Plaintiff filed a Prison informal complaint alleging Defendant failed to follow Prison Policy in utilizing his K-9 dog and that he used excessive force. Prison Staff Captain S. Franklin gave a response quoting defendant; "K-9 Officer stated he entered the →

6 of 10

Pod and gave a warning to stop fighting and get on the ground or i will release the dog." <u>You again refused orders.</u>" Therefore, the K-9 was utilized to stop the fight". [R.D.S.P.-21-INF-00709]

Plaintiff disagree with defendant's statements. Once Plaintiff saw the K-9 officers and dogs come through A-1 Pod door, Plaintiff stop fighting to defend himself and began to lay down on the floor because staff was now on the floor to protect him from the prisoner assault, <u>See</u>: Security Camera, supra.; Exhibit <u>B</u>, Pl. Affidavit Pargh. # 3 Pg. 1oF2. While laying down on the floor Plaintiff had his hands visible and open so it could be seen he possed no weapons etc.. Plaintiff did not say anything so he could not be misunderstood to be resisting; nor did Plaintiff provoke staff in any way to be perceived as a threat for Defendant to allow his K-9 dog to bite Plaintiff six times, <u>See</u>: Security Camera, supra.; Exhibit <u>B</u> supra., at Pargh. # 3 Pg. 1oF2. A review of the security camera will show when the K-9 dog was biting Plaintiff's arm he was not fighting the prisoner and not resisting against staff or defendant. <u>Id.</u> Defendant did not make the statements: " Stop Fighting and get on the ground or i will release the dog"; before he allowed his dog bite Plaintiff six times. Exhibit <u>B</u>, supra., at Pargh. # 4 Pg. 2oF2. Plaintiff asserts Defendant's malicious intent may be inferred from his statement: "<u>You again refused orders</u>"; that imply he was punishing Plaintiff for initially refusing A-1 control booth officer's orders that would be the cause to call Defendant K-9 for support.

7oF10

"Prisoner's refusal of order does not justify an assault by prison officers". Martinez v Rosado, 614 F.2d 829, 830-32 (2d Cir. 1980). Force may be used to restore or maintain order in prison, but it may not be used to punish prisoners or to retaliate against them. Jackson v Bishop, 404 F.2d 571, 579-81 (8th Cir. 1968); Skrtich v Thornton, 280 F.3d 1295, 1302 (11th Cir. 2002)("It is not constitutionally permissible for prison officers to administer a beating as punishment for a prisoner's past misconduct"). In Plaintiff's case, it may thus be inferred from Defendant's said statement that he was punishing Plaintiff and not trying to stop the fight between the prisoner and Plaintiff because the security camera shows when Defendant allowed the K-9 dog to bite Plaintiff six times, the prisoner and Plaintiff had been separated and under control. "Evidence that an officer kicked a handcuffed person who was lying on the ground showed malicious intent". Lewis v Downs, 774 F.2d 711, 714 (6th Cir. 1985). In Plaintiff's case, the security camera shows Defendant allowed his K-9 dog to bite Plaintiff six times while attempting to lying on the floor and without physically resisting. Plaintiff asserts also Defendant's malicious intent to cause him harm may be inferred from Defendant's action to allow his K-9 dog to bite him five additional times after the first bite. The security camera shows after the first bite Plaintiff was not physically resisting and Defendant did not make any efforts to temper the severity of the unnecessary additional five bites. The additional five K-9 dog bite caused permanent injuries to Plaintiff's left arm that required surgery. Exhibit A, supra. "Malicious intent found from the extent of injury inflicted". Orwat v Maloney, 360 F.Supp. 2d 146, 154 (D. Mass. 2005). "Any efforts made to temper the severity of a forceful response will weigh against a finding of malice. Treats v Morgan, 308 F.3d 868, 874 (8th Cir. 2002).("Following the prisoner's rule to warn prisoners' before pepper-spraying them would → 8 of 10

tempered the force.) In Plaintiff's case Defendant did not give him a verbal warning that the K-9 dog will be used against him before the first dog bite and nor did he in between the second, Third, Fourth, Fifth or Six dog bites pursuant to Prison Policy. Exhibit B Supra, Pargh # 5 at Pg. 2 of 2. Plaintiff asserts the Security Camera shows NO: Fighting, Physical resisting, Verbal Provocations; weapons or threat between the First dog bite and the sixth dog bite to justify why Defendant allowed his K-9 dog to bite him Five additional times. ("Verbal Provocations would not justify breaking a Prisoner's arm with a baton") Miller v Leathers, supra.; U.S. v Cobb, 905 F.2d 784 (4th Cir. 1990) ("Verbal Provocation does not excuse a physical assault by a law enforcement officer.") ("Jury could find for Prisoner even if he had refused an order.") Corselli v Coughlin, 842 F.2d 23 (2d Cir. 1988); King v Blankenship, 636 F.2d 70 (4th Cir. 1980). Furthermore, Defendant's malicious intent to cause Plaintiff harm may be inferred from his failure to follow Prison Policy that he must allow other Security staff to use Pepper Spray to restrain and subdue a fight between two Prisoner before utilizing his K-9 dog. The Security camera will show that Defendant did not allow such procedure take place before he utilized his K-9 dog. A review will show Defendant came through the door and utilized his K-9 dog against Plaintiff without following the Prison Security Pepper Spray Policy. Consequently, upon said facts and laws, Defendant maliciously used excessive physical force against Plaintiff to cause harm in violation of Plaintiff's 8th Amendment.

9 of 10

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that the Court grant the following relief:

1.) Grant him a jury trial;
2.) Award Compensatory damages in the amount of $1 million dollars for his physical injuries;
3.) Award Punitive damages in the amount of $500,000.00 for his psychological, pain and suffering and
4.) Grant him any and all other reliefs the court may deemed warranted for said constitutional violation

"Excessive or unnecessary force by prison staff may be remedy by damages." Wright v Sheppard, 919 F. 2d 665, 669-73 (11th Cir. 1990).

DATE: 1-4-2022

Respectfully Submitted,
T. Braxton
Tyreek J. Braxton, #1486007
Pro-se State Prisoner-Plaintiff
Red Onion State Prison
P.O. Box 970
Pound, Va, 24279

### NOTARY SERVICE

COMMONWEALTH OF VIRGINIA
CITY/COUNTY OF WISE to-Wit:

Subscribed and sworn to before me this day 5TH of January, 2022.

NOTARY PUBLIC SIGNATURE

MY COMMISSION EXPIRES ON: 11/30/2023

MELANIE DARLENE MILLER
NOTARY PUBLIC
REG #7819393
MY COMMISSION EXPIRES
11/30/2023
COMMONWEALTH OF VIRGINIA

I certify that the above notary is not a party to this action.
T. Braxton
Inmate Signature

10 OF 10

TYREEK J. BRAXTON 1486007
Red Onion State Prison
P.O. Box 970
Pound, Va. 24279



RECEIVED DATE
APR 13 2022
MAILROOM

"OFFICE OF THE CLERK"
United States District Court
For the Western District of Virginia
~~Attn:~~ Clerk of The Court
180 West Main Street, Room 104
Abingdon, Va. 24210

"LEGAL-MAIL"

ATTN: Clerk of The Court